```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

United States of America,   :
                            :
         v.                 :       File No. 1:98-CR-62
                            :
Christopher Main            :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 407)

Defendant Christopher Main, proceeding *pro se*, has submitted a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Main contends that both his trial and appellate attorneys were ineffective, and that a host of other improprieties and errors entitle him to relief. The government opposes the motion, arguing that the ineffective assistance of counsel claims are meritless and that all other issues are procedurally barred. For the reasons set forth below, I recommend that Main's motion be DENIED.

### Factual Background

Main was initially convicted in 1999 after pleading guilty to mail fraud and drug-related offenses. He subsequently moved to withdraw his plea, but the motion was denied. In 2004, the Second Circuit vacated Main's conviction and sentence and remanded with instructions to allow him to withdraw his guilty plea. United States v. Main, 354 F.3d 178, 186 (2d Cir. 2004).

On November 10, 2004, following a second guilty plea, Main was convicted of conspiring to distribute cocaine, cocaine base (also known as "crack cocaine") and heroin.  He was also convicted on a charge of distributing cocaine base, and on a forfeiture count.  Pursuant to the plea bargain, Main and the government agreed that his offenses involved at least five grams of cocaine base, and that he should receive credit at sentencing for acceptance of responsibility.  The parties also agreed that his term of imprisonment should not exceed 96 months.  Main reserved the right to move for a downward departure.

According to the Pre-sentence Report ("PSR"), Main's offense level was 33 and his Criminal History Category was VI.  The corresponding imprisonment range under the Sentencing Guidelines was 235 to 293 months.  Bain objected to various factual findings in the PSR and moved for downward departures.  His first argument for a downward departure was that he had undergone extraordinary rehabilitation while incarcerated in New York on a robbery conviction.  His second claim was based upon his alleged understanding in 1999, when he entered into his first plea agreement, that his New York sentence and his federal

sentence would run concurrently.  Because of this understanding, Main asked the Court in 2004 for credit for the federal good time he would have received while serving his New York sentence.  Main's third argument was for a departure equal to the period between June and November 2004, since he would have been released from prison in New York in June 2004 but for his federal sentence.

The Court accepted Main's arguments on the issue of extraordinary rehabilitation and with respect to the extra time he spent in incarcerated in New York due to his federal sentence.  The Court rejected the good time claim.  While the Court found that Main's total offense level of 25 resulted in a Guidelines range of 120-150 months, it accepted the parties' agreement to a sentence of not more than 96 months.  After applying the downward departures, the Court sentenced Main to 84 months in prison to be followed by four years of supervised release.

In March 2005, Main filed a notice of appeal.  His appellate attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967) requesting that he be relieved as counsel on the ground that the appeal was frivolous.  In an order dated June 12, 2006, the Second

Circuit granted the Anders motion, denied Main's motion for appointment of counsel, and affirmed the judgment.  Main filed his § 2255 motion in June 2007.

## Discussion

Main's habeas corpus motion sets forth nine general grounds for relief, some of which include expansive subparts.  The government contends that most of Main's arguments are procedurally barred because they were never raised on direct appeal, and that his ineffective assistance of counsel claims are meritless.

I.   Habeas Corpus Standards

To prevail on a habeas corpus motion under § 2255, a defendant must demonstrate (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255. The issues that may be raised in a habeas petition are limited by the scope of the defendant's direct appeal.  In general, those issues that have already been decided on appeal may not be raised again.  See Sanin v. United States,

4

252 F.3d 79, 83 (2d Cir. 2001); Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995); Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993).  Also, a petitioner may not assert claims on collateral review that could have been raised on direct appeal unless he can show cause for his procedural default and actual prejudice, or actual innocence.  Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007).  An exception to this latter rule is a claim for ineffective assistance of counsel, which may be brought regardless of whether it was raised on direct appeal.  Massaro v. United States, 538 U.S. 500, 504 (2003).

II.   Ineffective Assistance of Counsel

"[T]he proper standard for attorney performance is that of reasonably effective assistance."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.  See Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).  Thus, a defendant must establish (1) that counsel made errors so serious that he was deprived of reasonably competent representation and (2)

that counsel's deficient performance prejudiced the defense. See Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland, 466 U.S. at 687-691).

To satisfy the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness.  More specifically, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and the deficient performance so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result."  Strickland, 466 U.S. at 687; see also United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987).  In conducting the ineffective assistance inquiry, the Court must maintain a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  See Strickland, 466 U.S. at 689.  The Court should recognize that counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment.  See id. at 690.

To satisfy the prejudice prong, the petitioner must

"affirmatively prove prejudice," demonstrating that "but for counsel's unprofessional errors, the result of the proceeding might have been different."  Id. at 693-94.  When a conviction results from a guilty plea, the evidence must demonstrate a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

    A.  Appellate Counsel

Main contends that both his trial and appellate attorneys were ineffective.  On appeal, Main was represented by Attorney John Cirando.  As noted above, Cirando submitted an Anders brief to the Second Circuit, and was relieved of his duty to provide counsel.  Main now submits that Cirando filed the Anders brief without his consent, and without ever discussing with him the potential issues for appeal.

The record currently before the Court shows that Main and Cirando did, in fact, communicate about substantive issues for appeal.  In a letter dated September 25, 2005, Cirando acknowledged that he had received a 10-page letter from Main outlining potential issues for appeal, and that he had considered those issues.  (Paper 412-9 at 2).  He

7

highlighted some issues specifically, including Main's contention that trial counsel was ineffective, and opined that Main's arguments were "not supported by the Record." Id.  In a previous letter, sent to Main with a copy of the Anders brief, Cirando explained that "[a]ll of the issues that you wrote about were obviated by the reversal, new plea agreement and new guilty plea."  (Paper 412-7 at 2).  Cirando also advised Main of his right to move for different counsel and his right to file *pro se* response papers.  Id.

Cirando's Anders brief was 33 pages.  The brief primarily covered four issues: 1) whether Main's waiver of his right to appeal was knowing and voluntary; 2) whether Main's guilty plea was knowing and voluntary; 3) effective assistance of trial counsel; and 4) whether the sentence was proper.  The brief argued that there was no merit to any of these arguments, and in a fifth section explained why various other potential grounds for appeal were equally meritless.  (Paper 412-6).  The Second Circuit granted Cirando's Anders motion and summarily affirmed Main's conviction and sentence.

The duty of appellate counsel is to "support his client's appeal to the best of his ability."  Anders, 386

U.S. at 744.  Counsel must either proceed with the appeal or, if he believes the appeal is frivolous, submit a brief "referring to anything that might arguably support the appeal."  Id.  In this case, Cirando submitted such a brief, and the Court of Appeals concluded that there were no non-frivolous grounds to appeal.  In granting Cirando's motion to be relieved as counsel, the Court of Appeals inherently affirmed that he had met the proper standards of reasonableness.  See Cobb v. United States, 496 F. Supp. 2d 215, 219 (N.D.N.Y. 2006) ("The submission of an Anders brief does not meet the Strickland standard for ineffective assistance if the request to withdraw is granted by the court.") (citing Anders, 386 U.S. at 745 ("such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled")).  Moreover, Cirando's communications with his client, careful consideration of the issues on appeal, and thorough briefing bely any claim that his efforts fell below an objective standard of reasonableness.  Finally, because the Second Circuit viewed all potential claims as frivolous, Main cannot show that the outcome of his appeal would have

been different had Cirando provided adequate assistance. I therefore recommend that Main's request for habeas corpus relief based upon ineffective assistance of appellate counsel be DENIED.

B.  Trial Counsel

Main further argues that his trial attorney was ineffective. He was represented in the trial phase by Attorney Mark Kaplan. Main's ineffectiveness argument is quite broad, asserting that counsel's efforts "fell below an objectionable standard of reasonableness measured by professional norms." (Paper 407 at 15). Main's only specific claim of ineffectiveness is that Kaplan failed to adequately object to portions of the PSR. Id. at 8.

The government argues that Main's ineffective assistance claim is barred because it was raised by Attorney Cirando in his Anders brief. Indeed, an ineffective assistance claim raised on direct appeal is generally barred from being re-litigated on collateral review. See Schwamborn v. United States, 492 F. Supp. 2d 155, 161-62 (E.D.N.Y. 2007). Furthermore, it has been held that an ineffective assistance claim raised in an Anders brief, because it was considered by the Court of Appeals, is

equally barred.  Hernandez v. United States, 2003 WL 223467, at *3 (S.D.N.Y. Jan. 31, 2003).  Main contends that the issues raised in the Anders brief have "nothing to do with the issues as raised in my 2255 motion."  (Paper 415 at 7). Attorney Cirando's brief, however, covered the ineffective assistance question generally, and specifically touched upon counsel's performance at sentencing, his objections to the PSR, his arguments for downward departures, and his overall performance in obtaining a favorable sentence.  Consequently, it is certainly arguable that Main's ineffective assistance claim should not be heard again in this collateral proceeding.

Even without a procedural bar, there is no indication that Attorney Kaplan's representation violated Main's constitutional right to counsel.  While Main faced a potential sentencing range of 120 to 150 months, counsel negotiated a significantly shorter maximum sentence of eight years.  Kaplan also successfully argued for downward departures, reducing Main's sentence by an additional 12 months.  With respect to the PSR, Kaplan's sentencing memorandum objected to ten specific paragraphs and challenged several of the Probation Department's factual

assertions.  (Paper 388 at 11-13).  Relevant to the question of prejudice, the Court at sentencing stated that it had reviewed Kaplan's objections to the PSR and determined that they were not "in any way connected with the sentence that is to be imposed or the factors."  (Paper 412-5 at 4). Based upon this record, I recommend that the Court reject Main's claim that trial counsel was ineffective, and that Main's request for relief on this point be DENIED.

III.  Remaining Claims

The government argues that Main's remaining claims are procedurally barred because they were not raised on direct appeal.  Main's petition raises numerous grounds for relief in addition to his ineffective assistance of counsel claims. Those grounds include: the use of perjured testimony before the grand jury; that promises made by the prosecution were not adhered to at sentencing; Rule 11 violations by the Court at the change of plea hearing; inaccuracies in the PSR; Court error in concluding that Main's federal sentence had to be consecutive to his New York sentence; unreasonable sentence due to the Court's alleged failure "to consider all of the 3553(a) factors"; insufficient evidence to support the forfeiture count; double jeopardy; and judicial bias.

12

Some of the issues raised in Main's § 2255 motion were also mentioned in Attorney Cirando's <u>Anders</u> brief.  For example, on the question of whether the federal sentence had to be consecutive to Main's New York sentence, Cirando noted that the Court was unable, <u>nunc</u> <u>pro</u> <u>tunc</u>, to make the federal sentence run concurrent to a sentence that had already expired.  (Paper 412-6 at 39-40).  Cirando's brief also touched on the 18 U.S.C. § 3553 issue, submitting that there was no basis for reduction under § 3553(e) because there was no cooperation agreement between Main and the government.  <u>Id.</u> at 38-39.  Main's § 2255 argument under § 3553 is much broader, alleging that the Court mentioned the existence of factors under § 3553(a) without explaining its analysis of those factors.  (Paper 407 at 11).

As discussed above, if any of the issues raised in the <u>Anders</u> brief are being raised again here, they may be barred.  <u>See</u> <u>Hernandez</u>, 2003 WL 223467, at *3.  Main contends that these issues were not fully argued by Attorney Cirando on direct appeal.  In that case, Main himself failed to raise any substantive issues on appeal through *pro se* briefing.  The Court must therefore consider whether he has shown either cause and prejudice for his default or actual

13

innocence.  Zhang, 506 F.3d at 166.

"To satisfy the 'cause' requirement, the petitioner must show circumstances 'external to the petitioner, something that cannot be fairly attributed to him.'" Rosario-Dominquez v. United States, 353 F. Supp. 2d 500, 508 (S.D.N.Y. 2005) (quoting Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) and Coleman v. Thompson, 501 U.S. 722, 753 (1991)).  Main's only explanation for his failure to raise various issues on appeal is that appellate counsel filed an Anders brief.  Main does not dispute, however, that he was notified of his right to file papers *pro se*.  Given that he was aware of his right to raise issues on his own, his failure to file papers was not "external."  The mere fact that counsel filed an Anders brief, without barring Main from submitting papers *pro se*, does not qualify as cause.  See Jorge v. United States, 818 F. Supp. 55, 57 (S.D.N.Y. 1993) ("it is not sufficient for Jorge to justify a failure to raise these claims on direct appeal merely because his appellate counsel filed an Anders brief because that counsel did nothing to prevent Jorge from filing his *pro se* brief").

When a movant fails to show any cause, the Court need

not consider the issue of prejudice.  Brennan v. United States, 867 F.2d 111, 119 (2d Cir. 1999); Fink v. Bennett, 514 F. Supp. 2d 383, 391 (N.D.N.Y. 2007).  To demonstrate actual innocence, Main must show "that it is more likely than not that no reasonable juror would have convicted him in light of new evidence."  Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002).  Main has not offered any new evidence since his guilty plea that would point to his innocence.  Consequently, there is no basis for relieving him of his default, and his remaining claims should be DENIED as procedurally barred.

## Conclusion

For the reasons set forth above, I recommend that Main's motion (Paper 407), filed pursuant to 28 U.S.C. § 2255, be DENIED.

Dated at Burlington, in the District of Vermont, this 2nd  day of September, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report

to which objection is made and the basis for such
objections.  Failure to file objections within the specified
time waives the right to appeal the District Court's order.
See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1);
Fed. R. Civ. P. 72(b), 6(a) and 6(e).